UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TONYA POWELL,

                              Plaintiffs,

       v.                                            3:10-cv-1531

U-HAUL INTERNATIONAL,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff Tonya Powell commenced the instant action against Defendant U-Haul International asserting violations of the Electronic Fund Transfer Act, the Fair Debt Collection Practices Act, the Social Security Act, her constitutional rights as secured by the due process and equal protection clauses, and also asserting claims of conversion arising out of her rental of a vehicle from Defendant.

By Decision and Order dated April 22, 2011, the Court granted Plaintiff's motion to proceed *in forma pauperis* and dismissed all of her claims as untimely except for the claim asserted pursuant to Section 207 of the Social Security Act ("SSA"). Thereafter, Plaintiff moved for leave to file an amended complaint to correct service upon the proper Defendant and to withdraw all causes of action except the claim under the SSA. The Magistrate Judge denied the motion for leave to amend because Plaintiff did not identify the correct defendant she intended to name, did not need to file an amended complaint to withdraw the claims that were previously dismissed, and failed to comply with N.D.N.Y.L.R. 7.1(a)(4). In the

meantime, Defendant filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12. In response, Plaintiff filed another motion for leave to file an amended complaint. The Court will now address these motions.

**I.      FACTS**

In March 2007, Plaintiff rented a truck from Defendant. Company policy required a credit card to rent the truck. Although Plaintiff intended to pay for the truck in cash, in accordance with the policy, she provided a debit card. Plaintiff claims she told Defendant's employee not to charge the card because she intended to pay in cash. Plaintiff rented the truck for a period of several months and returned it in June 2007. A family member returned the vehicle on behalf of Plaintiff and advised Defendant that Plaintiff wanted to make payments for the balance until such time as the account was paid in full. In May, June, and August 3, 2007, Defendant used Plaintiff's debit card to secure the payments that were owed. Plaintiff concedes that she owed the debt, that Defendant had a right to be paid for the use of its vehicle, and that the rental agreement authorized Defendant "to go into your checking account to automatically take monies from your account," but nevertheless claims that she did not authorize Defendant to take the monies using her debit card. It is further claimed that the monies in her account consisted solely of benefits she received from Social Security.

Plaintiff commenced an action against Defendant in small claims court. This action was dismissed in favor of Defendant. Plaintiff contends that the decision of the small claims court is faulty because the judge was biased as a result of Plaintiff "winning of a custody case over him when he was a lawyer."

**II.     DISCUSSION**

  **a.     Plaintiff's Motion to Amend**

Plaintiff moves to file an amended complaint. The primary purpose of the proposed amendment is to add Amerco as the purported proper Defendant. In the amended complaint, Plaintiff appears to assert claims for breach of contract, a violation of N.Y.C.P.L.R. § 4544, a violation of 42 U.S.C. § 407(a) (section 207 of the SSA), unjust enrichment, and the negligent infliction of emotional distress. The amended complaint does not assert claims under the Electronic Funds Transfer Act or the Fair Debt Collection Practices Act.[1] In her motion to amend, Plaintiff also contends that she suffered from a disability that may toll the statute of limitations.[2] In light of the early posture of this case and the liberality with which amendments are allowed under Fed. R. Civ. P. 15, the Court hereby GRANTS the motion to amend. The Court will, therefore, address Defendant's motion to dismiss as if directed to the amended pleading.

  **b.     42 U.S.C. § 407(a)**

Plaintiff claims that Defendant violated 42 U.S.C. § 407(a), which is known as the Social Security Anti-Alienation provision. That section provides that:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

---

[1] These were the claims dismissed from the original Complaint.

[2] Plaintiff does not elaborate on how or why any medical condition would justify the tolling of the statute of limitations or how long any disability lasted.

- 3 -

By its plain terms, the statute says nothing about creditors charging a debit card, even if the account on which the debit card is drawn is funded by monies paid under the Social Security Act. See Washington State Dep't of Soc. and Health Servs. v. Guardianship Estate of Keffeler, 537 U.S. 371, 382 (2003) ("neither § 407(a) nor the Commissioner's regulations interpreting that provision say anything about 'creditors.'"); Wojchowski v. Daines, 498 F.3d 99, 109 (2d Cir. 2007). Rather, the statute protects such funds from execution, levy, attachment, garnishment, or other legal process. "Execution" refers to judicial enforcement of a money judgment, usually accomplished by seizing and selling the judgment debtor's assets. See Black's Law Dictionary 609 (8th ed. 2004). "Levy" refers to "[t]he legally sanctioned seizure and sale of property." Id. at 926. "Attachment" similarly refers to the seizing of property to satisfy a judgment. Id. at 136. Thus, for example, § 407(a) prohibits a Sheriff from seizing Social Security monies to satisfy a debt. "Garnishment" is a legal proceeding whereby a court is asked "to order a third party who is indebted to or is bailee for the debtor to turn over to the creditor any of the debtor's property . . . held by that third party." Id. at 702. The statute clearly prohibits such a garnishment order with respect to Social Security monies. As the Supreme Court has held "[t]hese legal terms of art refer to formal procedures by which one person gains a degree of control over property otherwise subject to the control of another, and generally involve some form of judicial authorization." Keffeler, 537 U.S. at 383; see also Wojchowski v. Daines, 498 F.3d 99 (2d Cir. 2007).

Defendant's obtaining payments from Plaintiff through the use of her debit card (even if the monies in the account came from the Social Security Administration) does not implicate any of the specifically mentioned legal procedures. Id. Thus, the issue is whether the charging of Plaintiff's debit card constitutes "other legal process" within the meaning of

the statute. The Supreme Court has limited the phrase "other legal process" to things akin to the "processes of execution, levy, attachment, and garnishment." Keffeler, 537 U.S. at 385. The Supreme Court has stated that the phrase would "at a minimum . . . seem to require utilization of some judicial or quasi-judicial mechanism . . . by which control over property passes from one person to another in order to discharge or secure discharge of an allegedly existing . . . liability." Id. This is in accord with the Social Security Commissioner's own understanding of the phrase. See https://secure.ssa.gov/apps10/poms.nsf/lnx/0202410200 (visited on June 16, 2011); https://secure.ssa.gov/apps10/poms.nsf/lnx/0202410001 (visited on June 16, 2011) (defining legal process as "the means by which a court (or agency or official authorized by law) compels compliance with its demand; generally, it is a court order); Keffeler, 537 U.S. at 1026-26.

Here, in light of these definitions, it cannot be said that Defendant's actions fall within the proscriptions of the statute. Defendant did not utilize "legal process" to obtain Plaintiff's Social Security monies. See Sanford v. Standard Federal Bank, 2011 WL 721314, at *7 (E.D. Mich. 2011) (bank's use of SSI funds to offset an overdraft "does not constitute the use of a judicial or quasi-judicial mechanism . . . [and] does not appear to involve any legal process" and, therefore, does not implicate § 407(a)); Fortelney v. Liberty Assur. Co. of Boston, — F. Supp.2d —, 2011 WL 1938174, at *19 (W.D. Okla. 2011). Accordingly, the claim pursuant to § 407(a) must be dismissed.

### c. Negligent Infliction of Emotional Distress

Plaintiff also asserts a claim for the negligent infliction of emotional distress. This claim must be dismissed because: (1) it is beyond the applicable three year statute of limitations, see N.Y.C.P.L.R. § 214; and (2) assuming the claim is timely, the Complaint fails

to plausibly state a claim.  There are insufficient allegations that Defendant created an unreasonable risk of bodily harm to Plaintiff, that Defendant's conduct was a substantial factor in bringing about any injuries to Plaintiff, that any injuries were the consequences resulting from Plaintiff's contemporaneous observation of serious physical injury or death inflicted by defendant's conduct on a member of plaintiff's immediate family in her presence, or that Defendant engaged in extreme or outrageous conduct.  Vieira v. Honeoye Cent. Sch. Dist., 756 F. Supp.2d 302, 310 (W.D.N.Y. 2010).  Accordingly, this claim is dismissed.

### d. Claim Pursuant to N.Y.C.P.L.R. § 4544

Plaintiff also appears to assert a claim under N.Y.C.P.L.R. § 4544, complaining that certain language in the agreement with Defendant did not use a sufficiently large font. Section 4544 is a state statute governing the admissibility into evidence of certain contracts or agreements involving consumer transactions.  Provisions of contracts that are not of a sufficiently large font are inadmissible.  Id.  The statute does not provide a private cause of action and is otherwise inapplicable in this court.  See Zucherman ex rel. Zuckerman v. Camp Laurel, 2008 WL 4386837, at *1 (S.D.N.Y. 2008) ("this provision of the C.P.L.R. is evidentiary in nature and consequently is not applicable in a federal court sitting in diversity"); Mickle v. Christie's, Inc., 214 F. Supp.2d 430, 432 (S.D.N.Y. 2002) (holding that § 4544 is a procedural rule of evidence that is not binding on a federal court).  This claim is, therefore, dismissed.

### e. Breach of Contract

Liberally construing Plaintiff's *pro se* pleading, it appears she may be asserting a a claim of breach of contract.  As Plaintiff concedes, however, she owed money to Defendant, Defendant was entitled to be paid, and the agreement authorized Defendant to obtain

monies through the use of her debit card.  Plaintiff also does not identify any agreement Defendant may have violated or any damages caused by any alleged breach of contract. Accordingly, the Amended Complaint does not plausibly state a claim for breach of contract.

### f.    Unjust Enrichment

A liberal reading of Plaintiff's papers in support of her memorandum of law also suggests she may be asserting an unjust enrichment claim.  Any such claim must be dismissed because Plaintiff concedes that she obtained use of Defendant's truck, she was obligated to pay for the truck, and Defendant was entitled to be paid the amounts its obtained through the use of her debit card.  Thus, it cannot be said that Defendant benefitted at Plaintiff's expense and that equity and good conscience require restitution.

### g.    All Other Claims

With respect to any other claims, Plaintiff "does not disagree with the court's decision to dismiss the causes of action with the exception of (Sec. 407(a))." Dkt. 13, Att. 2 at p.7.  Accordingly, Plaintiff has abandoned those claims.  It also appears that Plaintiff has not sued the correct entity and that the newly intended party, AMERCO, may not be the correct Defendant.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend is GRANTED. Upon consideration of Defendant's motion to dismiss as applied to the Amended Complaint, the motion is GRANTED and the Complaint is DISMISSED in its entirety.

IT IS SO ORDERED.

Dated: June 22, 2011

/s/ Thomas J. McAvoy
Thomas J. McAvoy
Senior, U.S. District Judge